HUGO G. CONATI *vs.* KENNETH A. WALSH *et al., as Members of the Personnel Board of the City of Woonsocket.*

MAY 7, 1958.

PRESENT: Condon, C. J., Roberts, Andrews, Paolino and Powers, JJ.

334

ANDREWS, J. This petition for a writ of certiorari was brought by Hugo G. Conati as finance director of the city of Woonsocket to quash the decision of the respondents in their capacity as members of the personnel board of that city, rendered June 14, 1957, purporting to restore Gilberte Laliberte to the position of personnel director in the city service. Pursuant to the writ the pertinent record has been certified to this court.

At the time of the filing of the petition the petitioner was finance director and as such was charged with the direction, control and management of the finance department. Under the provisions of the so-called Home Rule Charter of Woonsocket the finance department is composed of several divisions, among which is the personnel division. The charter further provides that the head of the personnel division shall be the personnel director who shall be appointed by the finance director.

On April 30, 1957 a new administration was inaugurated and as a result thereof Armand D. DuRocher, the petitioner's predecessor in office, was appointed finance director. On that date Mr. DuRocher advised the then incumbent of the position of personnel director, Gilberte Laliberte, that acting under the authority conferred on him by the charter he was assuming the functions of personnel director and that the position held by her would be vacated on May 3, 1957 at 5 p.m. Gilberte Laliberte appealed to the personnel board, created under chapter 1024 of the ordinances of the city, which after hearing decided in her favor.

The petitioner relies particularly upon sec. 17 of chap. IV and sec. 4 of chap. V of the charter which read as follows:

> "Sec. 17—The head of a department may serve as the head of any division within the department without additional compensation."
>
> "Sec. 4—The finance director may perform any or all of such duties or he may appoint some other person or persons to perform one or more of such functions and duties, subject to his supervision."

The respondents' attorney admitted at the hearing that when acting in good faith in an emergency the finance director could assume the duties of any division of his department. There is nothing in the instant record which shows that those conditions did not exist here. However that may be, we are of the opinion that the plain language of the charter, especially the two sections quoted above, warranted the action of the petitioner's predecessor in office and deprived the respondents of jurisdiction to enter the decision sought to be quashed.

The prayer of the petition is granted, the decision of the respondents purporting to restore Gilberte Laliberte to the position of personnel director is quashed, and the record certified to this court is ordered returned to the respondents.

*Richard A. Baldwin,* City Solicitor, for petitioner.

*Edward F. Dwyer,* for respondents.